# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RICKY ALLEN KNIGHT,**
**Claimant Below, Petitioner**

**FILED**
December 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0428** (BOR Appeal No. 2046379)
(Claim No. 920061731)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PECHINEY ROLLED PRODUCTS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ricky Allen Knight, by Otis R. Mann Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Gary M. Mazezka, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 20, 2012, in which the Board reversed an August 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 18, 2010, Order which denied authorization for an increase in OxyContin to eighty milligrams. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Knight was employed as a driller/laborer with Pechiney Rolled Products, LLC. He sustained injuries to his knees and back after he slipped and fell approximately five feet on November 27, 1991. Mr. Knight was granted a permanent total disability award on August 22,

1

2000. Dr. Bailey diagnosed Mr. Knight with chronic bilateral knee pain and chronic lower back pain in 2001 following five knee surgeries. Dr. Seen increased Mr. Knight's medication to OxyContin eighty milligrams in August of 2010. In a deposition on March 28, 2011, Dr. Seen testified that Mr. Knight complained of chronic intractable pain. Dr. Seen further testified that Mr. Knight stated he had previously received shots that did not relieve his pain and that he had been through physical therapy without obtaining pain relief. Dr. Seen testified that approval for an MRI had been denied and that he could not put Mr. Knight through any other treatment without having additional medical testing performed. Dr. Seen stated that his request to increase Mr. Knight's medication to OxyContin eighty milligrams is due to the failure of other treatments including physical therapy and injections, the lack of approval for an MRI, and the relief that Mr. Knight is obtaining from the requested eighty milligrams dosage.

The claims administrator denied authorization to increase Mr. Knight's OxyContin to eighty milligrams. The Office of Judges reversed the claims administrator's Order and held that Mr. Knight had shown an increase to OxyContin eighty milligrams is medically related and reasonably required for treatment of his compensable back injury. The Board of Review determined that Dr. Seen's testimony and the other evidence of record did not provide the documentation necessary for the authorization of the medication OxyContin. Therefore, the Board of Review held that Oxycontin eighty milligrams is not medically necessary and reasonably required in the course of treatment for Mr. Knight's compensable injury. Mr. Knight disagrees and asserts that Dr. Seen's testimony and his relief from pain with the prescribed OxyContin eighty milligrams shows by a preponderance of the evidence that the requested increase is proper. The West Virginia Office of Insurance Commissioner argues that Mr. Knight has not established by the preponderance of evidence that he is entitled to an increase in the dosage of OxyContin.

The Office of Judges found Dr. Seen's testimony to be persuasive and held that Mr. Knight had established that his requested deviation from the West Virginia Code of State Rules § 85-20 (2006) time limit on scheduled drug use is medically related and reasonably required. The Board of Review found that the Office of Judges erred and that Dr. Seen's testimony and other evidence did not provide the documentation necessary for the authorization of the medication OxyContin. West Virginia Code of State Rules § 85-20-58.1 (2006) requires that an attending physician submit a written report no later than thirty days after beginning treatment of a claimant for chronic pain with opioids. The record does not reflect a written report from Dr. Seen detailing the required medical information set out in West Virginia Code of State Rules § 85-20-58. The Board of Review held that Oxycontin is not medically necessary and reasonably required in the course of treatment of Mr. Knight's compensable injury. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum